### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | | |
|---|---|---|
| MARCUS OCTAVIOUS SLATON, | : | |
| Petitioner, | : : : | |
| V. | : : | NO. 5:24-cv-00175-CAR-CHW |
| TIMOTHY SALES, | : : | |
| Respondent. | : : : | |

## ORDER

Petitioner Marcus Octavious Slaton filed a 28 U.S.C. § 2254 petition for a writ of habeas corpus challenging his conviction in the Superior Court of Upson County, Georgia. ECF No. 9. Petitioner also filed a motion for leave to proceed *in forma pauperis*. ECF Nos. 5 & 10. Based on the documentation that Petitioner filed, it appeared that he was able to pay the $5.00 filing fee. Thus, Petitioner's motion to proceed *in forma pauperis* was denied, and Petitioner was ordered to pay the filing fee if he wanted this case to proceed. ECF No. 11.

In response to that order, Petitioner has filed a copy of a payment request that he apparently submitted to prison officials in an attempt to have payment made from his account. ECF No. 13. Petitioner has also filed a form order from the Georgia State Court asking this Court to issue a "production order." ECF No. 14. Petitioner has attached to the motion a document that appears to be a response to Petitioner's payment request from the prison's business office. *Id.* at 2. The response tells Petitioner that he has to provide the business office with an invoice in order for the office to make the payment. *Id.*

Petitioner is **ORDERED** to provide the business office with a copy of the order to pay the $5.00 filing fee and a copy of this order in reply to the response. The **CLERK** is **DIRECTED** to forward a copy of the order to pay the fee (ECF No. 11) and an extra copy of this order to Petitioner so that he may provide these orders to the business office. To the extent it seeks any additional relief, Petitioner's motion for a production order (ECF No. 14) is **DENIED**.

Because it appears that Petitioner has attempted to comply with the order to pay the filing fee, his petition may now proceed. It is now **ORDERED** that, within thirty (30) days of the date of this Order, Petitioner further amend his petition to include every unalleged possible constitutional error or deprivation entitling him to federal habeas corpus relief, failing which Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial habeas petition. If amended, Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial and amended habeas petitions.

It is further **ORDERED** that Respondent file an answer to the allegations of the petition and any amendments within sixty (60) days after service of this Order and in compliance with Rule 5 of the Rules Governing Section 2254 Cases. Either with the filing of the answer or within fifteen (15) days after the answer is filed, Respondent shall move for the petition to be dismissed or shall explain in writing why the petition cannot be adjudicated by a motion to dismiss. Any and all exhibits and portions of the record that

Respondent relies upon must be filed contemporaneously with Respondent's answer or dispositive motion.

No discovery shall be commenced by either party without the express permission of the Court. Unless and until Petitioner demonstrates to this Court that the state habeas Court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of this habeas petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts.

Pursuant to the memorandum of understanding with the Attorney General of the State of Georgia, a copy of the petition and a copy of this Order shall be automatically served on the Attorney General and Respondent electronically through CM/ECF. A copy of this Order shall be served by the Clerk by U.S. mail upon Petitioner. Petitioner is advised that his failure to keep the Clerk of the Court informed as to any change of address may result in the dismissal of this action.

**SO ORDERED**, this 11th day of February, 2025.

                                                s/ Charles H. Weigle
                                                Charles H. Weigle
                                                United States Magistrate Judge