IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **MARCUS OCTAVIOUS SLATON,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 5:24-cv-175-CAR-CHW |
| | : | |
| Warden **TIMOTHY SALES,** | : | Proceedings Under 28 U.S.C. § 2254 |
| | : | Before the U.S. Magistrate Judge |
| Respondent. | : | |
| | : | |

## ORDER AND RECOMMENDATION

Petitioner Marcus Octavious Slaton commenced this 28 U.S.C. § 2254 federal habeas action to challenge his November 2018 conviction in the Superior Court of Upson County for aggravated sexual battery. Petitioner raises three grounds for relief in his petition. The Government has filed a motion to dismiss. As discussed below, it is **RECOMMENDED** that the Government's motion to dismiss (Doc. 26) be **GRANTED** and Petitioner's Section 2254 motion (Doc. 9) be **DISMISSED**. It is further **RECOMMENDED** that Petitioner's two motions for writ of mandamus (Docs. 19, 20), construed as amendments to the petition, be **DENIED**. It is **RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Petitioner has also filed several miscellaneous motions docketed as a "Motion to Overturn Sentence for Time Served" (Doc. 21), "Motion for Leave to Proceed in forma pauperis" (Doc. 23), and "Motion to Modify Lapsed Wrong Conviction." (Doc. 31). As discussed below, the motions to overturn sentence, and to modify conviction (Docs. 21, 31) are **DISMISSED** as duplicative, and Petitioner's motion for leave to proceed in forma pauperis (Doc. 23) is **DENIED as moot**.

1

**BACKGROUND**

I.   **Procedural Background**

In November 2018, after a jury trial in the Superior Court of Upson County, Petitioner was found guilty of one count of aggravated sexual battery. (Doc. 27-4, p. 1). Petitioner received a life sentence. (*Id.*).

Following the denial of his motion for new trial, Petitioner appealed to the Court of Appeals of Georgia, raising seven enumerations of error. (Doc. 27-1, p. 4). First, he argued that the evidence was insufficient to support a conviction for the offense charged in the indictment. (Doc. 27-7, p. 8). Second, he argued that the evidence was insufficient to show lack of consent. (*Id.*). Third, Petitioner argued that the trial court abused its discretion when it admitted "bench warrants as circumstantial evidence of flight from which the jury could also infer consciousness of guilt." (*Id.*). Fourth, Petitioner argued that the trial court abused its discretion in permitting hearsay statements from the victim to the prosecutor. (*Id.*). Fifth, Petitioner argued that the trial court committed plain error by failing to give a limiting instruction pertaining to Petitioner's prior crimes, wrongs, or acts. (*Id.*, p. 9). Sixth, Petitioner argued that the trial court committed plain error in permitting evidence of Petitioner's violent behavior towards the victim's mother and about Petitioner's "walking around naked in the home." (*Id.*). Seventh and finally, Petitioner argued that the cumulative effect of these errors was prejudicial. (*Id.*). The Georgia Court of Appeals affirmed Petitioner's convictions in an unpublished opinion. (Doc. 27-1). Petitioner sought further review with the Supreme Court of Georgia but was denied certiorari. (Doc. 27-8). Petitioner did not file a state habeas corpus petition.[1]

---

[1] Petitioner left the section of his Section 2254 petition regarding whether he filed a state habeas action blank. (Doc. 9, p. 3). Petitioner has not indicated anywhere that he filed a state habeas petition.

2

Petitioner filed his initial 28 U.S.C. § 2254 petition in May 2024. (Doc. 1). The Court ordered Petitioner to recast his petition on the required habeas corpus form and informed him that a recast petition would supersede the initial filing. (Doc. 3). In the order to recast, the Court ordered Petitioner to either pay the $5.00 filing fee or file a motion to proceed *in forma pauperis*—both within fourteen days. (Doc. 3). Following Petitioner's failure to comply, the Court ordered Petitioner to show cause within fourteen days as to as to why the case should not be dismissed. (Doc. 4). Petitioner subsequently filed an incomplete Motion for Leave to Proceed *in forma pauperis* (Doc. 5), and the Court ordered Petitioner on September 05, 2024, to file a certified trust fund account statement within fourteen days. (Doc. 7). Petitioner did not comply, and on October 16, 2024, the Court ordered Petitioner to show cause as to why the case should not be dismissed based on Petitioner's failure to comply with the Court's previous order. (Doc. 8). Petitioner filed an "account certification" that same day which indicated he had a current account balance of $40.80. (Doc. 10).

On November 20, 2024, the Court found that Petitioner had the financial ability to pay the $5.00 filing fee for a Section 2254 case, denied Petitioner's application to proceed *in forma pauperis* (Doc. 5), and ordered Petitioner to pay the $5.00 filing fee within fourteen days. (Doc. 11). In response to the Court's order, Petitioner filed a copy of a payment request that he apparently submitted to prison officials in an attempt to have payment made from his account. (Doc. 13). Petitioner contemporaneously filed a form order from the Georgia State Court asking this Court to issue a "production order," to which Petitioner attached a document that appeared to be a response to Petitioner's payment request from the prison's business office. (Doc. 14). The response from the business office told Petitioner that he had to provide the business office with an invoice for the office to make the payment. (*Id.*). The Court therefore ordered Petitioner to provide the business

office with a copy of the order to pay the $5.00 filing fee and a copy of its order (Doc. 15) in reply to the response. (*Id.*). The Court permitted Petitioner to proceed in this Section 2254 action due to his apparent attempt to comply with the order to pay the filing fee. (*Id.*). As of the date of this Order and Report and Recommendation, Petitioner has failed to pay the $5.00 filing fee. *See* Docket.

Petitioner filed this recast petition under Section 2254 raising three grounds for relief.[2] (Doc. 9). Respondent filed his answer and response, along with numerous exhibits in support thereof, on April 09, 2025. (Docs. 25, 26, 27).

## II.   Factual Background

As summarized by the Georgia Court of Appeals, the trial of Petitioner transpired as follows:

> Viewed in the light most favorable to the jury's verdict, the record shows that, at some point, J. W. (the victim) lived with her mother, her three siblings, and Slaton. At first, J. W. thought Slaton was "cool" and "fun to hang out with." But one day, when J. W.'s mother was at work, Slaton called her into his room, where he touched her thigh and pulled her pants and panties down to her ankles. On another occasion, when J. W. was six or seven years old, her mom pulled up her legs like she was changing a baby's diaper and showed Slaton hair that started growing on J. W.'s vagina, which J. W. referred to as her "pocketbook." According to J. W., about a month later, when her mom was at work and her siblings were in another room, Slaton put his penis inside her vagina. Slaton warned J. W. not to tell anyone about the incident, and she complied with his request because she was afraid "something

---

[2] When filing his petition, Petitioner appears to have omitted page 6 of the Court's standard Section 2254 form which apparently contained Ground One of the petition. *See* (Doc. 9). On August 28, 2025, the Court, *sua sponte*, afforded Petitioner the opportunity to restate Ground One and ordered Petitioner to recast his petition to reallege *all* grounds for relief. (Doc. 34). Petitioner did not respond. *See* Docket. Consequently, there are only three grounds before the Court.

4

bad would happen." According to J. W., Slaton also put his penis inside her "butt" on several occasions.

In August 2014, J. W.'s grandmother received a call from J. W.'s doctor, who raised concerns about the results of J. W.'s blood work and requested that she bring J. W. back for a follow-up appointment. On the day of the appointment, J. W.'s grandmother told J. W. that she had received some bad blood work results and asked if she had "been in nothing like that" or if anybody had "bothered [her] or anything like that." In doing so, J. W.'s grandmother was trying to discover if something occurred that could have affected the test results. She also warned J. W. that the doctor would know if anything happened, "so it would be out loud and stuff." Eventually, J. W. disclosed that "[Slaton] was touching on [her] . . . [and] messing with her" by putting his hand and "other part" in her "private."

After J. W.'s outcry, her grandmother reported the sexual abuse, and the Georgia Division of Family and Children Services became involved. During its investigation, then nine-year-old J. W. was interviewed by a nurse practitioner, who has interviewed over 2,000 child sex-abuse victims and was certified by the trial court as an expert in child sexual assault examination. Among other things, J. W. told the nurse that Slaton placed his finger inside her vagina, which she referred to as her "salad."

*Slaton v. State*, No. A22A0074, at *2–4 (Ga. Ct. App. June 2, 2022); (Doc. 27-1, pp. 2–4).

## ANALYSIS

In his Section 2254 petition, Petitioner presents three grounds for relief: (1) the trial court failed to give a limiting instruction on evidence of Petitioner's prior crimes, wrongs, or acts; (2) the trial court improperly admitted certain evidence; and (3) the cumulative effect of these errors deprived Petitioner of a fair trial. (Doc. 9, pp. 7–10). As discussed below, Petitioner does not present a federal question or issue, and Petitioner has not identified any constitutional issue in

5

relation to these grounds. Further, even if Petitioner had raised a federal question or constitutional issue, his claims are procedurally defaulted. Accordingly, Petitioner is not entitled to relief. It is recommended that the Court deny Petitioner's Section 2254 petition.

### I. Petitioner Has Not Raised a Federal Question or Constitutional Issue.

In his first ground for relief, Petitioner argues that "the trial court committed plain error by failing to give a limiting instruction on evidence of prior crimes wrongs or acts." (Doc. 9, p. 7). Petitioner contends that the Court of Appeals erred "because [the victim] during her trial testimony denied [Petitioner] penetrated her vagina with his finger." (*Id.*). Petitioner's argument on appeal sheds more light on this issue. As the Georgia Court of Appeals explained in dismissing this argument:

> Here, [Petitioner] requested the trial court limit [the victim's] testimony regarding sexual contact between them to the single act of aggravated sexual battery alleged in the indictment—that he inserted his finger into her vagina. Specifically, during trial, [Petitioner] objected to any testimony that "his penis was involved [or] . . . that [the victim's] anus was involved[,]" arguing that such evidence was inadmissible as "other bad acts," which was "more prejudicial than probative." The State countered that testimony regarding any of [Petitioner's] prior sexual abuse of [the victim] was admissible under Rules 404(b) and 413(a).

(Doc. 27 1, p. 21–22).

Petitioner raised this issue as a matter of state law on appeal, arguing that the trial court erred in failing to give a limiting instruction on evidence admitted under O.C.G.A. §§ 24-4-413 and 24-4-404(b). (Doc. 27-7, p. 36). The appellate court addressed this issue and resolved it as a matter of state law, holding that even if the trial court erred—and the appellate court found that it did not—"an erroneous jury charge is cured . . . when, as here, the court provides the jury with the indictment and instructs jurors that the burden of proof rests upon the State to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable

6

doubt." (Doc. 27-1, p. 25 (quoting *Williams v. Kelley*, 291 Ga. 285, 286–87, 728 S.E.2d 666 (2012)).

In assessing this claim, the appellate court determined that trial court erred neither plainly nor otherwise when it admitted this evidence. (Doc. 27-1, pp. 25-26). This claim relates to a matter of state evidence law, Petitioner has not identified any federal or constitutional concerns. Accordingly, federal habeas corpus relief on this ground would be inappropriate, as federal habeas petitions are not the appropriate vehicle to correct alleged errors of state law. *Wilson v. Cocoran*, 562 U.S. 1 (2010). The AEDPA unambiguously provides that federal courts may issue the writ to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." *Wilson*, 562 U.S. at 5. In other words, Petitioner is not entitled to federal habeas corpus relief if the state appellate court erroneously applied Georgia law concerning jury instructions, because "[i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id.* (quoting *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Only when the state trial court's admission of evidence "goes to the fundamental fairness of the trial" would federal habeas relief based on evidentiary rulings be permissible. *McCoy v. Newsome*, 953 F.2d 1252, 1265 (11th Cir. 1992). In this case, Petitioner cannot meet this standard in light of the other evidence presented.

Likewise, Petitioner's second ground for relief should be dismissed for failure to present a federal question or raise a constitutional issue. He argues that the trial court committed plain error when it admitted "evidence of his violent behavior toward the victim's mother and his walking around naked in the victim['s] home." (Doc. 9, p. 9). As with the previous ground, Petitioner raised

7

these issues as a matter of state law on appeal, arguing that the evidence was inadmissible under O.C.G.A. §§ 24-4-404(a) and (b). (Doc. 27-7, p. 43). The appellate court then considered each piece of evidence and resolved Petitioner's arguments solely on state law grounds. (Doc. 27-1, pp. 26–29). Regarding the evidence that Petitioner exhibited violent behavior towards the victim's mother, the appellate court explained that "evidence that is relevant and material to an issue in the case is not rendered inadmissible because it incidentally places the defendant's character in issue." (Doc. 27-1, pp. 28–29 (citations omitted)). The appellate court determined that because the victim testified she did not immediately report the abuse was because she was scared "something bad would happen," evidence of Petitioner's violence was relevant as to why the victim was afraid to report the abuse. (Doc. 27-1, p. 29). As such, the trial court did not err in admitting this evidence. (*Id.*).

As for the evidence that Petitioner walked around the house in the nude, the appellate court explained that even if there was error and the evidence should have been excluded under O.C.G.A. §§ 24-4-404(a) and (b) and 24-4-401, Petitioner did not suffer any harm because of the relative severity of walking around naked compared to evidence of Petitioner "penetrat[ing the victim's] vagina and anus with his penis." (*Id.*, pp. 27–28 (citing *Shadron v. State*, 275 Ga. 767, 771, 573 S.E.2d 73 (2002) ("In order to have reversible error, there must be harm as well as error and the lack of harm makes this enumeration of error without merit."))). Again these are matters of state law, and there is no basis for relief on ground two where Petitioner has not alleged or shown noncompliance with federal law.

In his final ground for relief, Petitioner argues that the cumulative effect of the first two grounds, "even if deemed harmless, individually resulted in prejudice significant enough that he was denied a fair trial." (Doc. 9, p. 10) (cleaned up). The appellate court considered Petitioner's

8

argument, noted that under Georgia law cumulative effect only applies to actual errors, and promptly dismissed Petitioner's argument because he failed to show the trial court committed any errors. (Doc. 27-1, pp. 30–31 (quoting *Flood v. State*, 311 Ga. 800, 808–09, 860 S.E.2d 731 (2021)). Because Petitioner argued error under only state law and the appellate court disposed of his argument solely under state law, there is no basis for Section 2254 relief on this ground.

## II.     Procedural Default

Respondent also argues that any claim that these purported trial court errors present a federal constitutional issue "would be procedurally defaulted under O.C.G.A. § 9-14-48(d), as they were not timely raised as such at trial and in a direct appeal in order to preserve them for review on the merits, and that any claim of 'cause' to overcome the procedural default would be itself unexhausted." (Doc. 26-1, p. 6 n.4).

Section 2254 provides that an "application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). This provision requires Section 2254 petitioners to exhaust their claims by fairly presenting them to the State courts through one complete round of review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); s*ee also Pope v. Rich*, 358 F.3d 852, 854 (11th Cir. 2004) ("*Boerckel* applies to the state collateral review process as well as the direct appeal process.") (citation omitted). If a claim is unexhausted because it was never raised in state court, "and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default, the federal court may foreclose the petitioner's filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal." *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999).

Petitioner did not raise the issues presented here as federal constitutional or statutory claims on direct appeal to the state appellate court. The only reference to a Constitutional violation cognizable under Section 2254 is in Petitioner's response to the Government's motion to dismiss, in which he raises a sufficiency of the evidence argument and concludes that "[n]evertheless, at trial [the victim] denied that [Petitioner] penetrated her vagina with his finger, instead claim that he did so with violation of the constitution of the state of Georgia of 1982 and the fifth amendment of due process." (Doc. 30, p. 2). Petitioner did not object at trial or raise any such Constitutional argument on direct appeal. Any argument that Petitioner's Fifth Amendment due process right was violated is therefore unexhausted, and it is now procedurally defaulted because Petitioner failed to properly object at trial or raise such a claim on direct appeal and has not demonstrated cause for this failure. *See* O.C.G.A. § 9-14-48(d); *see also Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) ("[A petitioner] may not, however, transform a state-law issue into a federal one merely by asserting a violation of due process."). Accordingly, because each of the grounds in Petitioner's Section 2254 petition is unexhausted and now procedurally defaulted, they do not afford Petitioner a basis for Section 2254 relief.

### III.   Miscellaneous Motions

Pending before the Court are several miscellaneous motions filed by Petitioner. (Docs. 19, 20, 21, 23, 31).

    a. <u>Petitions for Mandamus (Docs. 19, 20)</u>

Petitioner filed two petitions for mandamus on February 27, 2025, and on March 3, 2025. In those motions, Petitioner requests that the Court overturn his conviction due to a discovery violation, a violation of the rule of sequestration, and insufficient evidence to support the conviction of aggravated sexual battery as charged in the indictment. (Docs. 19, p. 2; 20, p. 2).

10

First, Petitioner alleges that a discovery violation occurred when "the victim-witness advocate [was allowed] to testify because the state failed to include her name on it[s] witness list, in violation of OCGA § 17-16-8." (Doc. 19-1, p. 1). Petitioner alleges further that the rule of sequestration was violated during cross-examination. (*Id.*). Finally, Petitioner alleges that aggravated sexual battery requires penetration of the sexual organ with a foreign object, and a "finger" is not a foreign object. (Doc. 20, p. 2).

As an initial matter, a writ of mandamus is not the appropriate avenue for the relief Petitioner requests. Rather, a Section 2254 petition, such as the one which Petitioner acknowledges he has filed, is the proper remedy. Out of an abundance of caution, these motions are construed as amendments to the Section 2254 petition.[3] On the merits, however, these claims do not present grounds for relief.

As with his previous claims, Petitioner argued these three enumerations on appeal to the Georgia Court of Appeals solely as matter of state law. (Doc. 27-7, pp. 26–33). The appellate court addressed Petitioner's discovery and sequestration arguments and resolved them as a matter of state law, holding that even if the trial court erred, "the admission of this testimony was cumulative of other substantial evidence detailed *supra*, including a video recording of [the victim] making this same allegation. As a result, any error in allowing the challenged testimony was harmless." (Doc. 27-1, pp. 19–20 (citations omitted)).

The Court of Appeals likewise dismissed Petitioner's next argument—that the evidence was insufficient to support the conviction of aggravated sexual battery as charged in the indictment—solely on state law grounds. (Doc. 27-1, pp. 5–9). To the extent that Petitioner argues

---

[3] Because Respondent did not respond to these motions, or (Docs. 21, 31), the Court must address Petitioner's arguments without the benefit of the adversarial process.

11

the evidence was insufficient to support aggravated sexual battery because a "finger is not a foreign object" (Doc. 20, p. 2), such an argument does not raise a constitutional or federal statutory issue and is both without merit and procedurally defaulted. Under Georgia law, a "person commits the offense of aggravated sexual battery when he or she intentionally penetrates with a foreign object the sexual organ or anus of another person without the consent of that person." O.C.G.A. § 16 2 22.2(b). "A finger is considered a foreign object under O.C.G.A. § 16 2 22.2(a)." *Chitwood v. State*, 352 Ga. App. 218, 220, 834 S.E.2d 334 (2019) (citation omitted). As noted throughout the Court of Appeals' opinion, the evidence was clearly sufficient to support Petitioner's conviction of aggravated sexual battery.

Petitioner also failed to raise this specific argument on appeal, and he cannot raise it for the first time here. Because these claims do not present a federal question or issue, and Petitioner has not identified any constitutional issue in relation to this argument, there is no basis for relief on these grounds. It is therefore **RECOMMENDED** that Petitioner's petitions for mandamus (Docs. 19, 20) be **DENIED**.

    b.   Motion to Overturn Sentence for Time Served (Doc. 21)

Petitioner filed this motion, docketed as a Motion to Overturn Sentence for Time served, on February 27, 2025, arguing (1) insufficiency of the evidence, (2) a violation of the rule of sequestration, and (3) a discovery violation. (Doc. 21). This motion is duplicative of his federal habeas petition and petitions for mandamus and is (Doc. 21) **DISMISSED**.

    c.   Motion to Proceed *In Forma Pauperis* (Doc. 23)

Petitioner filed a second motion to proceed *in forma pauperis* on February 27, 2025. (Doc. 23). Because the Court has permitted Petitioner to proceed despite his failure to pay the filing fee

and has now issued this report and recommendation, Petitioner's motion to proceed *in forma pauperis* (Doc. 23) is **DENIED as moot**.

   d.   Motion to Modify Lapsed Wrong Conviction (Doc. 31)

Petitioner filed this motion, docketed as a Motion to Modify Lapsed Wrong Conviction, on April 24, 2025. (Doc. 31). Petitioner's motion is substantively the same as his motion to overturn sentence for time served, and as explained previously, is **DISMISSED**.

## CONCLUSION

Because Petitioner is not entitled to relief on the merits of any ground raised, it is **RECOMMENDED** that Petitioner's Section 2254 habeas petition (Doc. 9) and his motions for mandamus (Docs. 19, 20), construed as amendments to the petition, be **DENIED**. Additionally, pursuant to the requirements of Rule 11 of the Rules Governing Section 2254 Cases, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is further **RECOMMENDED** that the Court deny a certificate of appealability in its final order.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. Any objection is limited in length to TWENTY (20) PAGES. See M.D. Ga. L.R. 7.4. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and

13

recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 26th day of September, 2025.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge